**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:13-CV-00902-TBR**


JEFF GRAY,                                                                                    Plaintiff,

v.

DUVAL COUNTY PUBLIC SCHOOLS, *et al.*                              Defendants.


**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon the Motion to Dismiss or, Alternatively, to Transfer Case of Defendants Victoria Crowell, Lynn Patti, and Duval County Public Schools ("DCPS") (collectively, "Defendants"). (Docket No. 20.) Plaintiff Jeff Gray has responded. (Docket No. 20.) This matter is now ripe for adjudication. For the reasons enumerated below, the Court will GRANT Defendants' Motion. (Docket No. 20.)

**Factual Background**

Gray's Complaint alleges that he holds a copyright on the book "If She Only Knew Me" and the text and photographs it contains. "If She Only Knew Me" is a thirty-page educational text created for elementary school teachers and other educators. According to Gray, Defendants displayed just short of the entire book via PowerPoint presentations on two websites—omitting only the page containing a copyright notice—without his authorization and contrary to the copyright.

Gray has asserted a copyright infringement claim against DCPS—a public school district in Florida—along with Crowell and Patti, two DCPS employees. (Docket No. 1.) He contends that each of the three named Defendants has "the right and ability to direct or control the infringing activities alleged" and derived a financial benefit from the purported infringement. (Docket No. 1 at 2-3.) Gray brings this claim pursuant to the Copyright Act, 17 U.S.C. § 501, *et seq.* He seeks both monetary damages and

injunctive relief obligating Defendants to cease their alleged infringement and prohibit them from further copying of the materials at issue.  (Docket No. 1 at 1-2.)

Defendants have moved the Court to either dismiss Gray's Complaint.  They contend that this Court lacks venue based on DCPS's home venue privilege granted by Florida law, as well as the doctrine of *forum non conveniens*.  Alternatively, Defendants argue that the alleged events occurred in Duval County, Florida, where all Defendants, witnesses, and documents are also located.  Accordingly, Defendants ask the Court to transfer this action to the United States District Court for the Middle District of Florida, Jacksonville Division, pursuant to 28 U.S.C. § 1404(a).

## Analysis

To support their argument for dismissal, Defendants point to the "home venue privilege" afforded by Florida common law.  This privilege requires plaintiffs to bring suit in a governmental defendant's county of residence.  *Sch. Bd. of Osceola Co. v. State Bd. of Educ.*, 903 So. 2d 963, 966 (Fla. Dist. Ct. App. 2005).  Defendants argue that because DCPS is a public school district in Duval County, Florida, its "absolute right" to home venue privilege requires this case to be litigated there.  (Docket No. 20 at 4-5) (quoting *Bush v. State*, 945 So. 2d 1207, 1212 (Fla. 2006)).

Defendants overstate the relevance of this principle.  In *Stewart Org., Inc. v. Ricoh Corp.*, the United States Supreme Court explained that the Federal Rules of Civil Procedure govern the transfer of venue in diversity cases.  487 U.S. 22, 29 (1988).  *Stewart* cautions federal courts against fixating upon a single state policy or venue rule; such a limited inquiry effectively defeats Congress's command that multiple considerations govern transfer within the federal court system.  *Id.*  Accordingly, the Court will consider the totality of circumstances before it, including Florida's home venue privilege—but that privilege need not overshadow considerations of convenience and fairness.  The Court is, therefore, unpersuaded that this tenet of Florida state law requires dismissal of the case from the instant federal forum.

The Court also disposes with Defendants' *forum non conveniens* argument.  At common law, the doctrine of *forum non conveniens* provided federal courts with discretion to dismiss a case "'when an alternative forum has jurisdiction to hear the case, and trial in the chosen forum would establish oppressiveness and vexation to a defendant out of all proportion to plaintiff's convenience,' or when the plaintiff's chosen forum is inappropriate due to "considerations affecting the court's own administrative and legal problems.'"  *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 429 (2007) (quoting *Am. Dredging Co. v. Miller*, 510 U.S. 443, 447-48 (1994)).  The "doctrine of *forum non conveniens* has continuing application only in cases where the alternative forum is abroad," *Am. Dredging*, 510 U.S. at 449 n.2, "and perhaps in rare instances where a state or territorial court serves litigational convenience best," *Sinochem*, 549 U.S. at 430 (citing 14D Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 3828 (3d ed. 2007)).  "A defendant invoking *forum non conveniens* ordinarily bears a heavy burden in opposing the plaintiff's chosen forum." *Id.*[1]

Here, dismissal on the basis of *forum non conveniens* is unmerited.  Defendants propose a federal district court in Florida as the alternative forum.  However, the federal venue transfer statute, 28 U.S.C. § 1404(a), provides:  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  This statute affords district courts with "more discretion to transfer . . . than they had to dismiss on grounds of

---

[1] Namely, the defendant must demonstrate the existence of an adequate, available forum in which he is amenable to process.  *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254-55 n.22 (1981).  He must further demonstrate that private interests—including the ease of access to proof, the availability of compulsory process to secure the presence of unwilling witnesses, the cost of obtaining the attendance of willing witnesses, and perhaps the possibility of viewing the premises—and public interests, such as imposing jury duty upon those who have no relation to the litigation and having localized controversies decided at home, warrant dismissal in favor of the alternative forum.  *Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 508 (1947); *see also Duha v. Agrium, Inc.*, 448 F.3d 867.

Moreover, a court should not disturb a plaintiff's choice of forum unless the balance of factors weighs strongly in the defendant's favor.  *Id.*  A court should dismiss a case on grounds of *forum non conveniens* only "where trial in the plaintiff's chosen forum imposes a heavy burden on the defendant or the court, and where the plaintiff is unable to offer any specific reasons of convenience supporting his choice."  *Piper Aircraft Co.*, 454 U.S. at 249.

*forum non conveniens.*"  *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981).  Consequently, the Court need not elaborate upon the doctrine of *forum non conveniens* and will instead turn to Defendants' argument for transfer of venue pursuant to § 1404(a).

Defendants argue that the instant litigation, if not dismissed, should be transferred to the United States District Court for the Middle District of Florida.  According to Defendants, the events surrounding to the alleged infringement occurred in Florida, and the majority of witnesses, documents, and other relevant evidence are located there.  (Docket No. 20 at 4.)  In Defendants' view, the case utterly lacks a nexus to Kentucky, making transfer of venue a common-sense solution to the potential inconveniences they confront.  In response, Gray contends that DCPS schools are managed by Educational Directions, LLC, a Louisville, Kentucky company hired to consult at four underperforming schools in the district. (*See* Docket No. 21-2.)  Gray therefore argues that a substantial amount of the relevant evidence would be both physically located at and electronically accessible in Louisville.

Courts within the Sixth Circuit consider nine factors when ruling upon a motion to transfer venue pursuant to § 1404(a):

> (1)  the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Perceptron, Inc. v. Silicon Video, Inc.*, 423 F. Supp. 2d 722, 729 (E.D. Mich. 2006).  The moving party bears the burden of proving by a preponderance of the evidence that transfer is desirable.  *Roberts Metal v. Florida Props. Mktg. Grp., Inc.*, 138 F.R.D. 89, 93 (N.D. Ohio 1991), *aff'd* 22 F.3d 1104 (6th Cir. 1994).  Because a plaintiff's choice of forum is generally entitled to considerable weight, "[u]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Nicol v. Koscinski*, 188 F.2d 537 (6th Cir. 1951) (citations omitted).  Moreover, a motion to transfer

venue cannot simply be an attempt to shift the inconvenience of litigation from the defendant to the plaintiff. *Copeland v. Choice Fabricators, Inc.*, 492 F. Supp. 2d 783, 789 (S.D. Ohio 2005).

In considering the factors identified by the Sixth Circuit in *Perceptron*, the Court will first consider the convenience of witnesses. The Court concludes that this factor strongly favors transfer. "Witnesses' convenience is one of the most important factors in determining whether to grant a motion to change venue under § 1404(a)." *Valvoline Instant Oil Change Franchising, Inc. v. RFG Oil, Inc.*, 2012 WL 36113300, at *7 (E.D. Ky. Aug. 22, 2012) (quoting *Thomas v. Home Depot, U.S.A., Inc.*, 131 F. Supp. 2d 934, 937 (E.D. Mich. 2001)). Both parties are likely to produce witnesses from their respective home states, leaving no forum convenient for all party witnesses. Florida, however, would appear to be the more convenient forum for third-party witnesses. Because live testimony is preferable to depositions, this consideration is an essential one. *See, e.g.*, *Smith v. Kyphon, Inc.*, 578 F. Supp. 2d 954, 963 (M.D. Tenn. 2008) ("Convenience of *non-party* witnesses, as opposed to employee witnesses, is one of the most important factors in the transfer analysis."). Although neither party addressed this issue in detail, the Court assumes that DCPS employees other than Patti and Crowell would be called. Such third-party witnesses would undoubtedly find Florida a more convenient location.

In addition, the location of relevant documents, the relative ease of access to sources of proof, and the locus of the operating facts point to transfer. Although Gray argues that DCPS has a close and ongoing relationship with a Louisville company, his Complaint alleges that the infringement underlying his action occurred in Florida, where the actors initiating the alleged violation work, reside, and presumably utilized the documents at issue. And although the advent of electronic storage, transmission, and discovery lessen the importance of the location of documentary evidence, if this factor favors either forum, it favors Florida.

Only Gray's choice of forum points clearly toward keeping the case in Kentucky. Where the forum has little connection with the controversy at hand, the plaintiff's choice is afforded less weight.

*Valvoline*, 2012 WL 3613300, at *5.  The alleged infringement's connection with Kentucky  is not a strong one; therefore, Gray's forum selection is not entitled to significant deference.  Because the remaining factors favor transfer, and in the interest of justice and convenience—particularly to third-party witnesses—the Motion to Transfer will be granted.


## CONCLUSION AND ORDER

For the reasons stated above, IT IS HEREBY ORDERED as follows:

(1) Defendants' Motion to Dismiss or Alternatively, to Transfer Case, (Docket No. 20), is GRANTED IN PART and DENIED IN PART.

    a.  Defendants' the Motion to Dismiss is denied.

    b.  Defendants' Alternative Motion to Transfer Venue to the United States District Court for the Middle District of Florida is granted.

(2) The Clerk of the Court is DIRECTED to TRANSFER this action to the United States District Court for the Middle District of Florida.